**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**INTERNATIONAL SPEEDWAY CORPORATION,**

      **Plaintiff,**

v.                                                                                   **Case No: 6:13-cv-15-Orl-36GJK**

**RACING IN-SITES, LTD and GREAT REWARD, L.L.C.,**

      **Defendants.**

## ORDER

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Gregory J. Kelly on May 12, 2014. Doc. 24. In the Report and Recommendation, Judge Kelly recommends that the Court grant in part and deny in part Plaintiff International Speedway Corporation's ("ISC") Renewed Motion for Final Judgment After Default ("Motion") against Defendants Racing In-Sites, Ltd. ("Racing") and Great Reward, L.L.C. ("Great Reward") (Doc. 23). *Id.* Neither party has objected to the Report and Recommendation and the time to do so has expired.

**I.      Analysis**

      **a.    Standard**

Federal Rule of Civil Procedure 72(b)(3) provides that a district judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge and may also receive further evidence or recommit the matter to the magistrate judge with further instructions. Fed. R. Civ. P. 72(b)(3).

### b. Background

This is a breach of contract action between ISC and Racing. Great Reward is the parent of Racing. Doc. 1. On July 30, 2013, the Clerk entered default against Racing and Great Reward. *See* Doc. 19. After its first motion for default final judgment was denied (Doc. 22), ISC filed a renewed Motion requesting that the Court enter a final judgment against Racing and Great Reward, finding them to be jointly and severally liable for the balance due under the contract, as well as costs (Doc. 23). In addition, ISC requests that the Court find it to be a prevailing party and reserve jurisdiction over this case to determine reasonable attorney's fees. Doc. 23.

### c. Report and Recommendation

After an independent review of the file and the applicable law, first, the Court agrees with the Magistrate Judge that Florida law controls the agreement entered into between the parties and that the elements for breach of contract under Florida law have been satisfied here. Second, the Court agrees that Great Reward should be held jointly and severally liable for Racing's breach of the contract entered into with ISC. Racing was in essence a straw corporation formed for the purpose of entering into the contract to avoid liability under it. Thus, the Court will enter judgment against Great Reward for breach of contract.

In accordance with the above, it is hereby **ORDERED AND ADJUDGED**:

(1) The Report and Recommendation of the Magistrate Judge (Doc. 24) **is adopted, confirmed, and approved** in all respects and is made a part of this Order for all purposes, including appellate review.

(2) Plaintiff International Speedway Corporation's Renewed Motion for Final Judgment After Default (Doc. 23) is **granted in part and denied in part**.

(3) Defendants Racing In-Sites, Ltd. and Great Reward, L.L.C. are jointly and severally liable to Plaintiff International Speedway Corporation:

    a. for the principal amount of **$685,361.00**;

    b. for prejudgment interest:

        i. on the unpaid 2012 Penalty Fees in the amount of –

            1. **$306.08** (calculated based on an interest rate of 4.75% per annum on $3,000.00 from May 3, 2012 through the date of June 26, 2014);

            2. **$97.34** (calculated based on an interest rate of 4.75% per annum on $1,000.00 from June 8, 2012 through the date of June 26, 2014);

            3. **$3,186.73** (calculated based on an interest rate of 4.75% per annum on $37,500.00 from September 11, 2012 through the date of June 26, 2014);

            4. **$1,221.97** (calculated based on an interest rate of 4.75% per annum on $15,000.00 from October 8, 2012 through the date of June 26, 2014); and

            5. **$1,803.70** (calculated based on an interest rate of 4.75% per annum on $22,500.00 from October 18, 2012 through the date of June 26, 2014);

        ii. on the 2013 and 2014 Rights Fees in the amount of **$161,917.94** (calculated based on an interest rate of 1.5% per month on

        $606,361.00 from the date the Complaint was filed, January 2, 2013, through the date of June 26, 2014);

    c. for post-judgment interest which shall accrue in accordance with 28 U.S.C. § 1961 from the day of final judgment; and

    d. for costs in the amount of $425.00.

(4) The Court reserves jurisdiction over this case for the sole purpose of awarding reasonable attorneys' fees. In that respect, Plaintiff International Speedway Corporation is **DIRECTED** to file a motion for attorneys' fees within fourteen (14) days of the entry of default judgment.

(5) The Renewed Motion for Final Judgment After Default is **denied in all other respects**.

(6) The Clerk is directed to enter a final judgment, as set forth herein, in favor of Plaintiff, pursuant to Federal Rule of Civil Procedure 58. Further, the Clerk is directed to terminate all deadlines and CLOSE this case.

**DONE** and **ORDERED** in Orlando, Florida on June 26, 2014.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
United States Magistrate Judge Gregory J. Kelly
Unrepresented Parties